**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSEPH TAUBMAN, | ) | No. CV 10-5582-DOC(CW) |
| Petitioner, | ) | ORDER DISMISSING PETITION AS MOOT |
| v. | ) | |
| WARDEN, | ) | |
| Respondent. | ) | |

    This habeas petition was filed on July 27, 2010, when Petitioner was in the custody of the Los Angeles County Superior Court pending trial, and challenged that pretrial custody. [Docket no. 1.] The court later learned that Petitioner had since been convicted (on a guilty plea), sentenced, and remanded to state prison. Thus, it appeared that the claims originally raised in the petition were now moot. On the other hand, if the petition were to be amended to challenge Petitioner's conviction, such an amended petition would be subject to dismissal because Petitioner had not exhausted state court remedies on any such claims.

Therefore, in a minute order filed January 6, 2011, the court ordered Petitioner to show cause, in writing, why the petition should not be dismissed as moot for th.  [Docket no. 16.]  Petitioner's response to the order to show cause was filed on February 1, 2011.  [Docket no. 18.]  In this response, Petitioner made clear that he now seeks to vacate the judgment of the superior court, but gives no indication that he has exhausted his claims in the state courts, including the California Supreme Court.

### DISCUSSION

Federal court jurisdiction is limited to adjudication of actual cases and live controversies.  Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990).  Federal courts lack jurisdiction over moot questions.  North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971)(per curiam).  When a federal court lacks the power to grant the relief requested, the case is moot.  Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

Here, Petitioner originally sought to challenge his pretrial custody.  Because he has now been convicted in the superior court, and is no longer in pretrial custody, that challenge is moot.

Petitioner may challenge his conviction in a federal habeas petition, but, as he has been informed in the court's prior order, he may only do so after exhausting his claims in the state courts, including the state supreme court.  28 U.S.C. § 2254(b)-(c).  He has not done so.  Accordingly, construing the present action as a challenge to Petitioner's conviction would be futile, as such a petition would, at this time, be subject to dismissal for failure to exhaust state court remedies.

**ORDERS**

**IT IS THEREFORE ORDERED** as follows:

1. The petition for writ of habeas corpus is dismissed as moot.

2. This dismissal is without prejudice to the filing of a petition challenging Petitioner's conviction or sentence, once Petitioner has exhausted his claims in the state courts.

3. The clerk shall serve this Order and the Judgment herein on the parties.

DATED: February 17, 2011

_____
DAVID O. CARTER
United States District Judge

Presented by:

Dated:  February 15, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge